UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOHN DOE 2 <br> a/k/a Mario Alberto Fernandez <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL NO. 1:06-CR-25 <br> )           (1:08-CV-151) TLS <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the court on a "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody", filed by the Petitioner, John Doe 2 a/k/a Mario Alberto Fernandez ("Petitioner"), on May 30, 2008. The government responded to the petition on July 4, 2008. The Petitioner, who is proceeding *pro se*, has failed to file a reply.

For the following reasons, the Petition will be denied.

<u>Discussion</u>

The following procedural background is set forth by the government and supported by the record. On April 24, 2006, a Criminal Complaint was filed against the Petitioner alleging that he violated 18 U.S.C. §§ 1951(a) and 2 for Interference with Commerce by Threat or Violence and aiding and abetting. On April 25, 2006, the Petitioner made his initial appearance and was subsequently detained pending further proceedings. On May 24, 2006, the grand jury returned a single count Indictment charging the Petitioner with the same charges. On November 6, 2007, a Plea Agreement was filed. (R. 47). On November 9, 2006, the Petitioner entered a plea of guilty to the Indictment pursuant to the Plea Agreement. On February 15, 2007, the Petitioner was sentenced to 57 months imprisonment, to be followed by 3 years supervised release, ordered

to pay restitution in the amount of $170.92 and ordered to pay a $100.00 special assessment. The Petitioner did not file an appeal.

On May 16, 2007, a letter from Petitioner requesting copies of documents was filed with the court. (R. 61). On May 30, 2007, this Court entered an Order granting Petitioner's request for a copy of his Plea Agreement and denying Petitioner's request for his sentencing hearing transcript. (R. 63). The Petitioner's mail was returned as undeliverable. (R. 64). On June 19, 2007, the Plea Agreement was resent to the Petitioner. (R. 65). On October 12, 2007, a letter to the Clerk of the Court dated October 8, 2007 from Petitioner requesting copies of his Sentencing Transcript, Plea Agreement and PreSentence Report was filed with the court. (R. 66).

On May 30, 2008, the Petitioner filed the present Section 2255 petition. (R. 67). In his petition, the Petitioner claims that his court-appointed counsel failed to file a Notice of Appeal when the Petitioner requested various times that counsel do so, thereby providing him ineffective assistance of counsel. (Petition at 4–5). The Petitioner also argues that his counsel obstructed his access to the plea and sentencing transcripts. (Petition at 5).

In opposition to the Petitioner's arguments, the Government first contends that the petition is untimely in light of the Anti-Terrorism and Effective Death Penalty Act of 1996, which became effective on April 26, 1996. The Act amended 28 U.S.C. § 2255 to impose a one-year statute of limitations on federal habeas corpus relief. In the present case, the Petitioner's judgment was entered on February 15, 2007. Thus, Petitioner's conviction would have been final no later than February 25, 2007. Petitioner had 1 year from the date of his final conviction to file a Section 2255 petition. However, the Petitioner's Section 2255 petition (signed on May 5, 2008) was not filed until May 30, 2008, three months tardy.

The Government further contends that Petitioner never requested that his counsel file a Notice of Appeal. In his affidavit (R. 71), counsel for the Petitioner stated that following the sentencing, counsel "received written correspondence from the Defendant on two (2) occasions, neither of which requested the filing of an appeal." (Affidavit at 1, ¶ 3). In his Affidavit, counsel for the Petitioner noted that in May 2007, correspondence was received from the Petitioner requesting copies of the Plea Agreement, sentencing hearing, and everything pertaining to his case. Counsel for the Petitioner sent the Petitioner a copy of the Judgment of Conviction and had already provided the Petitioner with other documents, including discovery material, the Plea Agreement, and the Presentence Investigation Report. (Affidavit at 1-2, ¶¶ 4–5). In his Affidavit, counsel for the Petitioner also noted that in June 2007, a reply correspondence was received from the Petitioner indicating that all he wanted was his "sentencing transcript." (Affidavit at 2, ¶6).

In its May 30, 2007 Order, the Court noted that in Petitioner's request for a copy of his Plea Agreement and Sentencing Transcript, "The Defendant does not state why he wants these documents." (Court May 30, 2007 Order at 1–2). The Court further noted that "the Defendant states no ground why he should not have to pay for the transcript."

As the Government points out, nowhere in the Petitioner's letter, filed on October 12, 2007, to the Clerk of the Court did the Petitioner mention or allege that he wished to appeal or that he had requested that his counsel file a Notice of Appeal and that his counsel failed to do so. This Court agrees with the government that the Petitioner here has failed to meet his burden under *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), to show that his counsel failed to file an appeal when directed, such that counsel's failure would constitute ineffective assistance

3

of counsel per se. Moreover, here, the record reflects that the Petitioner did not request that his counsel file a Notice of Appeal nor did he mention or complain that he wished to file a Notice of Appeal. Accordingly, the §2255 Petition will be denied.

## Conclusion

On the basis of the foregoing, the "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [DE 67] is hereby DENIED

So ORDERED on March 19, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT